1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

In Re Grand Jury Subpoena

09-1-1629

2:10-CV-1306 JCM (PAL)

**ORDER**

Presently before the court is Howard Awand's objection and response to the court's August 10, 2011, contempt order.  (Doc. #18).  The government filed a reply.  (Doc. #22).

On August 10, 2011, the court held a hearing on the government's third petition for contempt citation.  (Doc. #15).  At the hearing, the court held that there was no just or legal cause for Awand's refusal to testify.  (*See* Doc. #24).  Further, even assuming that the court needed to find that further confinement would induce Awand to testify, Awand had not "shown a reasonable probability that he won't testify" if the court ordered continued confinement.  (Doc. #24 at p.28).  Thus, continued custody pursuant to the recalcitrant witness statute, 28 U.S.C. § 1826(a), was justified to induce Awand's testimony.  (*See* Doc. #24).

From the bench, the court found Awand to be in civil contempt and remanded Awand to custody for a total period of 18 months, running from the December 27, 2010, contempt order.  (Doc. #15).  The court's August 10, 2011, written order memorializes the court's holdings from the bench. (Doc. #16).

Awand subsequently filed the instant objection and response to the court's contempt order. (Doc. #18).  The objection states that the court "rubber-stamped" a contempt order prepared by the

**James C. Mahan**
**U.S. District Judge**

1    United States Attorney.  (Doc. #18).  Awand further argues that the contempt order is "void on its

2    face" because it lacks two findings: (1) that there is a substantial likelihood that continued

3    confinement will induce Awand to testify and (2) that the grand jury is engaged in a legitimate

4    inquiry which might result in criminal charges within the applicable statute of limitations.  (Doc.

5    #18).

6         Pursuant to the recalcitrant witness statute, 28 U.S.C. § 1826(a), the court may summarily

7    order confinement of a witness if the witness "refuses without just cause . . . to comply with an order

8    of the court to testify . . . ."  The period of confinement under this statute cannot exceed 18 months.

9    *Id.*

10   **I.     Substantial likelihood that continued confinement will induce testimony**

11        Here, the parties do not dispute that there is no just or legal cause for Awand's refusal to

12   testify.  (*See* Doc. #18).  Instead, Awand argues that in addition to the no just cause requirement, the

13   court is also required to find that there is a substantial likelihood that continued confinement will

14   induce Awand to testify.  (Doc. #18).  Awand asserts that this finding is necessary because it avoids

15   "convert[ing] a civil remedy into a criminal penalty in violation of due process of law."  (Doc. #18).

16        There is no express element within § 1826(a) requiring the court to find that continued

17   confinement is likely to induce compliance.  *See* 28 U.S.C. § 1826(a).  Further, Awand has not

18   identified any controlling case law holding that this is an implied element in § 1826(a).  The court

19   declines to inject additional elements into an otherwise clear statute.

20        To the extent Awand argues that the court's application of the statute to the facts of this case

21   is a violation of his due process rights, Awand's argument fails.  Awand has a "heavy burden" to

22   show a violation of due process.  *In re Grand Jury Investigation*, 600 F.2d 420, 428 (3d Cir. 1979).

23   "[I]n the absence of unusual circumstances, a . . . court should be reluctant to conclude, as a matter

24   of due process, that a civil contempt sanction has lost its coercive impact at some point prior to the

25   eighteen-month period prescribed as a maximum by Congress."  *Simkin v. United States*, 715 F.2d

26   34, 37 (2d Cir. 1983).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1         Awand has not met this heavy burden here.  The court took an individualized approach to the

2    contempt proceedings in this case.  The court held a hearing on the government's petition, listened

3    to counsel's arguments, and heard Awand's testimony.  After considering all of the proffered

4    argument and evidence, the court found that Awand had not "shown a reasonable probability that

5    he won't testify" if the court ordered continued confinement. (Doc. #24).  Therefore, the court made

6    an individualized determination that continued confinement in this case may induce Awand's

7    testimony.  Awand has not satisfied the heavy burden of demonstrating that the contempt order is

8    a violation of his due process rights.

9    **II.    Grand jury engaged in legitimate inquiry**

10         Awand also argues that this court was required to find that the grand jury was engaged in a

11    legitimate inquiry before it could find him in contempt.  (*See* Doc. #18).  Again, this proposed

12    element does not appear in the plain text of the statute.  *See* 28 U.S.C. § 1826(a).  Further, grand jury

13    proceedings are "accorded a presumption of regularity, which generally may be dispelled only upon

14    particularized proof of irregularities in the grand jury process."  *United States v. R. Enterprises, Inc.*,

15    498 U.S. 292, 301 (1991) (quoting *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor,

16    J., concurring)).  Awand has not presented any evidence of misconduct or abuse of the grand jury

17    process.  Therefore, Awand has failed to present either a factual or legal basis for his objection.

18         Accordingly,

19         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Howard Awand's

20    objection and response to the court's August 10, 2011, contempt order (doc. #18) be, and the same

21    hereby is, OVERRULED.

22         DATED December 23, 2011.

23

24    _____
      UNITED STATES DISTRICT JUDGE

25

26

27

28

James C. Mahan
U.S. District Judge

- 3 -